FETISH & FANTASY HALLOWEEN BALL, INC., Plaintiff— Appellant,

v.

AHERN RENTALS, INC.; Eighth Judicial District Court, State of Nevada, Defendants—Appellees.

No. 01–16151.

D.C. No. CV–00–01487–LDG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2002.

Decided Aug. 15, 2002.

Before SNEED, HUG and BERZON, Circuit Judges.

MEMORANDUM *

Fetish and Fantasy Halloween Ball, Inc. ("Fetish & Fantasy") appeals the district court's judgment dismissing its facial and

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

as-applied constitutional challenges to Nevada's statutory scheme authorizing courts to issue pre-judgment writs of attachment without either prior notice to the defendant or a pre-deprivation hearing. Fetish & Fantasy brought this 42 U.S.C. § 1983 action against Ahern Rentals, Inc. ("Ahern") and the Eighth Judicial District Court, State of Nevada ("State of Nevada"), seeking a declaratory judgment that the Nevada statute violates due process and an injunction dissolving a Nevada state court's writ of attachment, pursuant to which money owed to Fetish & Fantasy was seized, in an action initiated by Ahern. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and we have jurisdiction over Fetish & Fantasy's timely appeal pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand with instructions to issue a stay under *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Because the parties are familiar with the facts and procedural history of this case, we do not recount them here.

### I

■ Conducting *de novo* review, we affirm the district court's determination that Fetish & Fantasy lacks standing to bring facial constitutional challenges to subsections of Nev.Rev.Stat. § 31.017 other than § 31.017(5). *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 474 (9th Cir.2001) (reviewing a standing question *de novo*). Because Ahern sought and obtained the pre-judgment writ of attachment in state court solely under Nev.Rev.Stat. § 31.017(5), the district court properly held that Fetish & Fantasy suffered no injury from, and thus does not have standing to challenge, any other subsection of § 31.017. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (the "injury in fact" necessary for standing "requires

that the party seeking review be himself among the injured").

### II

■ We *sua sponte* consider *Pullman* abstention for the first time on appeal, *see Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 802 (9th Cir.2001); *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976), and conclude that *Carey v. Sugar*, 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976) (per curiam), a Supreme Court case that neither of the parties brought to the district court's or our attention, governs our resolution of Fetish & Fantasy's remaining facial and as-applied constitutional challenges. In *Carey*, the Supreme Court applied *Pullman* abstention to a § 1983 suit contesting the constitutionality of New York's *ex parte*, pre-judgment attachment statute. *Carey*, 425 U.S. at 77–79. Like Fetish & Fantasy, the federal plaintiffs sought declaratory and injunctive relief, arguing that the attachment statute violated due process because it provided an inadequate post-deprivation hearing and failed to require a showing of the plaintiff's likely success on the merits. *Id.* Finding the New York statute susceptible to a construction that allowed a hearing for preliminary inquiry into the merits of the plaintiff's claim, the Supreme Court held that *Pullman* abstention was warranted because a decision of the New York courts as a matter of state law could moot the federal constitutional issues. *Id.* at 78–79.

The case before us now is indistinguishable from *Carey*. Fetish & Fantasy asks us to decide the constitutionality of Nevada's attachment statute without the benefit of an authoritative statutory construction by the Nevada Supreme Court. The Supreme Court observed in *Carey* that it was possible that the New York attachment

statute as ultimately construed by the New York courts would violate the United States Constitution, and that on the other hand the New York courts may construe the statute in a way that meets constitutional requirements. *Id.* at 77–78.

In this case, it is possible that the Nevada courts will construe the Nevada attachment statute, as Fetish & Fantasy argues, to preclude a judicial determination of the probable merit of the plaintiff's claim, a judicial determination of the validity of the exigent circumstances of Nev.Rev.Stat. § 31.017(5) that justify attachment without prior notice or a pre-deprivation hearing, and an opportunity for a prompt and meaningful post-deprivation hearing. On the other hand, the Nevada courts may construe Nev.Rev.Stat. §§ 31.020 and 31.022 to require the plaintiff to establish more than a subjective, good-faith belief that the defendant is liable, and more than a facially valid complaint. *See Connecticut v. Doehr,* 501 U.S. 1, 13–14, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991). Under § 31.020, the plaintiff's application for an *ex parte,* prejudgment writ of attachment must set forth the validity of the claim for relief and the facts showing the existence of the exigent circumstances of § 31.017(5) that permit the attachment. Nev.Rev.Stat. § 31.020(1)(a) & (c). Under § 31.022, the state court can receive evidence to determine whether the plaintiff's application adequately sets forth the validity of the claim and whether the exigent circumstances alleged exist. Nev.Rev.Stat. § 31.022. The Nevada courts may interpret these statutory provisions to mandate the judicial findings that Fetish & Fantasy seeks, findings based upon the plaintiff's documentary proof regarding the likelihood of the

plaintiff's success on the merits and the existence of the exigent circumstances of § 31.017(5) that warrant attachment without notice to the defendant. The Nevada courts may also construe Nev.Rev.Stat. § 31.200 to provide the prompt and meaningful post-deprivation hearing that Fetish & Fantasy wants. We note in this regard that the State of Nevada argues that its attachment statute is susceptible to a constitutional interpretation; "[t]he interpretation placed on the statute by [the officials charged with its enforcement] is of some importance and merits attention." *Bellotti,* 428 U.S. at 143.[1]

Fetish & Fantasy's remaining facial and as-applied constitutional challenges to Nevada's attachment statute thus turn on uncertain issues of state law. "Uncertainty for purposes of *Pullman* abstention means that a federal court cannot predict with any confidence how the state's highest court would decide an issue of state law.... Resolution of an issue of state law might be uncertain because ... the question is novel and of sufficient importance that it ought to be addressed first by a state court." *Pearl Inv. Co. v. City & County of San Francisco,* 774 F.2d 1460, 1465 (9th Cir.1985) (internal citation omitted). The resolution of these state law questions " 'might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem.' " *Bellotti,* 428 U.S. at 147 (*quoting Harrison v. NAACP,* 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959)). The pending state-court action between Fetish & Fantasy and Ahern provides an opportunity for the Nevada courts to construe the attachment statute

---

1. We emphasize, however, that we consider here only whether it is possible for the Nevada courts to construe Nev.Rev.Stat. § 31.017(5) and the other sections of the Nevada attachment statute in a way that meets

constitutional requirements. We express no opinion on whether the subsections of § 31.017 that Fetish & Fantasy lacks standing to challenge are susceptible to a constitutional interpretation.

in a way that might alleviate Fetish & Fantasy's concerns about the statute's constitutionality. "That a pending state court litigation ... might resolve the issues presented weighs in favor of abstention." *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir.1987). Under these circumstances, we conclude that it would be unwise for us to address the constitutionality of Nevada's attachment statute, "the continued utilization of which is undoubtedly of importance to that State." *Carey*, 425 U.S. at 79.

We reject Fetish & Fantasy's argument that abstention is inappropriate because the Supreme Court did not abstain in *Doehr*, but proceeded to decide the constitutionality of Connecticut's *ex parte* attachment procedure. *See Doehr*, 501 U.S. at 18. Although *Doehr* followed *Carey*, *Doehr* in no way overruled *Carey*. Because *Pullman* abstention does not implicate federal courts' subject matter jurisdiction, federal courts are never required to apply the doctrine. *Columbia Basin*, 268 F.3d at 802. Thus, the Supreme Court's failure to invoke *Pullman* abstention in *Doehr* is of no significance to the doctrine's application.

We affirm the district court's dismissal, for lack of standing, of Fetish & Fantasy's facial constitutional challenges to subsections of Nev.Rev.Stat. § 31.017 other than § 31.017(5). We reverse the court's dismissal of Fetish & Fantasy's remaining facial and as-applied constitutional challenges,[2] and remand with instructions to

enter a stay under *Pullman* and abstain from deciding the federal constitutional issues until the parties have had an opportunity to obtain a construction of the Nevada attachment statute from the Nevada state courts.[3] *See Carey*, 425 U.S. at 79.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. EACH PARTY IS TO BEAR ITS OWN COSTS.**

---

2. *See San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1105 n. 6 (9th Cir.1998) ("a holding that the district court should have abstained under *Pullman* is deemed a reversal of a dismissal").

3. Fetish & Fantasy is also free, of course, to let the state courts determine all of the issues in this case. The choice belongs to Fetish & Fantasy: if it wishes to preserve the federal

constitutional issues (should they remain) for federal-court determination, it should simply reserve the relevant federal issues in the state-court proceedings. *See England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411, 421, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

